**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
CASE NO.:

MARK MARTINEZ,

      Plaintiff,

v.

MONEY MART, INC.,
a Foreign Profit Corporation,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARK MARTINEZ ("Mr. Martinez" or "Plaintiff"), by and through the undersigned counsel, files this Complaint against Defendant, MONEY MART, INC. ("MMI" or "Defendant"), a foreign profit corporation, and alleges as follows:

1.      Plaintiff brings this action for interference and retaliation in violation of the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("the FMLA"), and for discrimination under Chapter 760 of the Florida Civil Rights Act ("FCRA"), to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, injunctive relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

2.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq.*

3.      This Court has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his FMLA claims.

4.      At all times relevant hereto, Plaintiff was an employee of Defendant.

5.      Defendant is a foreign profit corporation organized under the laws of Delaware that is located and does business in North Lauderdale, Broward County, Florida, and is therefore within the jurisdiction of this Court.

6.      Plaintiff worked for Defendant in Broward County, Florida, and therefore the proper venue for this case is the Fort Lauderdale Division of the Southern District of Florida.

7.      At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8.      At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from serious health conditions as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

9.      Plaintiff is a disabled male.  At all times material, Plaintiff was protected during his employment with Defendant by the FCRA because:

        a.      Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disabilities or "perceived disabilities" by Defendant; and

        b.      Plaintiff was discriminated against and suffered adverse employment action

and was subjected to an increasingly hostile work environment as a result of his disabilities or "perceived disabilities."

11. Defendant was at all times relevant an "employer" as envisioned by § 760.02(7), Fla. Stat.

## CONDITIONS PRECEDENT

12. On or around June 25, 2021, Plaintiff timely dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination against MMI.

13. More than 180 days have passed since the filing of the Charge of Discrimination.

14. Plaintiff timely files this action within the applicable period of limitations against Defendant.

15. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

16. Plaintiff worked for MMI, most recently as a Branch Manager at MMI's The Check Cashing Store location in North Lauderdale, Broward County, Florida, from October 25, 2012, until his termination on December 23, 2020.

17. Unfortunately, in or about August of 2020, Mr. Martinez was diagnosed with a disability and serious health condition, specifically metastatic multiple myeloma.

18. On August 8, 2020, Mr. Martinez disclosed his diagnosis to MMI Supervisor Larry Adams.

19. In December of 2020, Mr. Martinez informed his MM Supervisors that he would soon apply for a period of continuous FMLA leave, to commence in early January of 2021, in order to undergo treatment for his disability and serious health condition.

20.     On December 23, 2020, only a couple of weeks before his leave was to commence, MMI informed Mr. Martinez that it had decided to terminate his employment, effective immediately.

21.     MMI offered no cogent explanation for taking this extreme adverse employment action against Mr. Martinez, referring only to a nebulous "policy violation."

22.     Despite his years of loyal service to MMI and its patrons, Mr. Martinez was not subjected to any sort of performance improvement plan or progressive discipline for the alleged "policy violation" and was instead jettisoned summarily.

23.     Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Mr. Martinez notifying MMI of his chronic, serious health condition, and in retaliation for Mr. Martinez's utilization of, or attempt to utilize, unpaid leave pursuant to the FMLA in order to address same.

24.     Defendant did not have a legitimate, non-discriminatory and non-retaliatory reason for its actions.

25.     Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

26.     Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

27.     The timing of Plaintiff's use or attempted use of what should have been job-protected FMLA leave, and Defendant's termination of his employment, alone demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against him by MMI.

28.     Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his utilization of, or attempt to utilize, what should have been job-protected FMLA leave.

29.     Plaintiff's termination was for pretextual, retaliatory, and discriminatory reasons.

30.     Such a discriminatory and unlawful discharge is exactly the type of adverse employment action that the FCRA and the FMLA were intended to prevent.

31.     The timing of Plaintiff's termination makes the causal connection between his use or attempted use of FMLA leave and his termination sufficiently clear.

32.     As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

33.     The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the FCRA.

34.     MMI was aware of Plaintiff's FCRA-protected disability.

35.     Mr. Martinez is an individual with a disability who was nevertheless fully capable of performing the essential functions of his job.

36.     MMI, however, being well aware of Plaintiff's condition, discriminated against Plaintiff for taking time off work, or attempting to take time off work, to seek treatment.

37.     In reality, Defendant's discharge of Mr. Martinez stemmed from its discriminatory animus toward his disclosure of his disability and chronic, serious health condition.

38.     By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the FCRA and the analogous federal Americans with Disabilities Act ("ADA").

39.     In short, Defendant discriminated against Mr. Martinez based solely upon his disability.

40.     At all times material hereto, Plaintiff was ready, willing, and able to perform his job duties, and otherwise qualified for his position.

41.     Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with or without reasonable accommodation.

42.     Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

43.     Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

44.     Pleading in the alternative, Plaintiff had no impairment whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

45.     Mr. Martinez was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment.   Therefore, he is a protected class member as envisioned by the FCRA.

46.     Mr. Martinez suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

47.     As a result of Defendant's unlawful and discriminatory termination of his employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

48.     As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

49.     MMI lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

50.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA**

51.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 8, 14 through 32, 40, 42 through 43, and 48 through 50, above, as if fully set forth in this Count.

52.     At all times relevant hereto, Plaintiff was protected by the FMLA.

53.     At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

54.     At all times relevant hereto, Defendant interfered with Plaintiff by failing to properly process or fairly review his application for FMLA leave, and by refusing to allow Plaintiff to exercise his FMLA rights freely.

55.     As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

56.     As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

57.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 8, 14 through 32, 40, 42 through 43, and 48 through 50, above, as if fully set forth in this Count.

58.     At all times relevant hereto, Plaintiff was protected by the FMLA.

59.     At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

60.     At all times relevant hereto, Defendant retaliated against Plaintiff by terminating his employment for disclosing his serious health conditions, for applying for FMLA leave, and for utilizing or attempting to utilize what should have been job-protected FMLA leave.

61.     Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise his rights to take approved leave pursuant to the FMLA.

62.     As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

63.     As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

<u>**COUNT III**</u>
**<u>DISCRIMINATION UNDER THE FCRA BASED ON DISABILITY</u>**

64.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 6, 9 through 22, 24, 29 through 30, 33 through 48, and 50, above, as if fully set forth in this Count.

65.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA.

66.     The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

67.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

68.     Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

69.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

70.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

71.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands trial by jury on all issues so triable.

DATED this 15th day of November, 2022.

Respectfully Submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*